35 So.3d 1081 (2010)
Melba Lee SEE
v.
ENTERGY CORP., et al.
No. 2010-C-0065.
Supreme Court of Louisiana.
June 4, 2010.
PER CURIAM.[1]
The assessment of damages by a jury is a determination of fact, one entitled to great deference on review. Wainwright v. Fontenot, 00-0492, p. 6 (La.10/17/00), 774 So.2d 70, 74. Accordingly, a reviewing court's role in examining general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993). If an appellate court finds that the trier of fact clearly abused its discretion, it can only disturb the award to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion given to that court. Coco v. Winston Indus., Inc., 341 So.2d 332, 334 (La. 1977).
Based on the record, we find the trial court and the court of appeal abused their discretion in overturning the jury verdict. Accordingly, we reinstate the jury's verdict in all respects and affirm the trial court's award of the imposition of attorney fees and costs.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
KNOLL, J., dissents with reasons.
WEIMER, J., would grant and docket.
KNOLL, J., dissents.
I dissent and would affirm the Court of Appeal judgment.
NOTES
[1] Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.